Per Curiam.

This is an action of trespass brought against the defendant as clerk of a school district, on the ground that he was the efficient cause of the plaintiff’s being arrested for the non-payment of a school district tax. The only question which we have considered is, whether the defendant is liable to an action of trespass. In order to maintain trespass, it is necessary that the injury to the plaintiff should be direct and not consequential. Here the clerk of the district gave a certificate to the assessors of the town, that at a meeting of the inhabitants of the district, which meeting the plaintiff alleges to have been illegal, it was voted to raise a certain sum of money ; and thereupon the assessors proceeded to assess the same and cause it to be collected. The act of the clerk then was only the remote cause of the injury complained of. The rule is laid down in Barnes v. Hurd, 11 Mass. R. 59, as follows : — “ Where the injury is committed by the immediate act complained of, the action must be trespass ; if the injury be merely consequential upon that act, an action of the case is the proper remedy.” In the case of Agry v. Young et al. 11 Mass. R. 220, upon which the plaintiff relies, an action of trespass was sustained against assessors, on the ground of precedent. The like action was supported in Stetson v. Kempton, 13 Mass. R. 272. These cases proceeded on the ground, that as the collector acted in obedience to the warrant of the assessors, who had a general jurisdiction *466 of the subject matter, he was not answerable for the collection of an illegal tax ; but, as in trespass all are principals, and as he who commands an unlawful act to be done, is equally responsible as if he had personally done it, it follows that in cases where the law affords to a man a legal remedy for an illegal and unauthorized' seizure of his property or arrest of his person, by the command of another, that remedy is to be sought in the form of an action of trespass.
It is argued on the part of the plaintiff, that the assessors are merely ministerial officers, like the collector, and so are bound to assess the tax, upon receiving the clerk’s certificate. But this ground is not tenable. Assessors may exercise their own judgment upon the legality and regularity of the proceedings. They are not compellable to assess an illegal tax.
Cases have been cited, in which trespass has been maintained against a sheriff for the act of his deputy. Grinnell v. Phillips, 1 Mass. R. 530 ; Campbell v. Phelps, 17 Mass. R. 244. This at first view would seem to be an exception to the general rule, that the injury must be direct. But in such cases the law, for the sake of a more convenient and effectual remedy, proceeds upon the legal assumption, that the act of the deputy is the act of the sheriff. A party aggrieved by the act of the deputy, has his election to sue the sheriff or the deputy ; and as an action against the deputy must be trespass, the analogy of the law requires that the action against the sheriff should be in the same form.[1]

Plaintiff nonsuit.

 By Rev. Stat. c. 23, § 29, the clerk of a school district is answerable only for want of integrity on his own part; and if he certifies truly to the assessors the votes of the district for raising by a tax any sum of money, the district is liable in case of illegality in the proceedings had in relation to raising such money.